# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JULIE A. ZIOLA )
    Plaintiff, )
  ) Case No. _____
vs. )
  )
NORTHSTAR LOCATION SERVICES, )
LLC, a New York Corporation, )
    Defendant. ) **JURY TRIAL DEMANDED**
_____/

## VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") and Florida Consumer Collection Practices Act (hereinafter "FCCPA"), Fla. Stat. § 559.55 et seq. These laws prevent debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III. PARTIES

4. Plaintiff, Julie A. Ziola (hereinafter "Plaintiff"), is an adult individual and citizen of the state of Florida.

5. Defendant Northstar Location Services, LLC (hereinafter "Defendant") is a Foreign Corporation with its principle place of business located at 4285 Genesee Street, Cheektowaga, NY 14225.

6. At all times mentioned herein, the agent(s) and employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission, and authorization of Defendant.

## IV.  FACTUAL ALLEGATIONS

7. The following events relate to attempts by Defendant to collect from Plaintiff an alleged consumer debt allegedly originally owed to Bank of America.

8. Prior to the alleged debt's referral to Defendant by Bank of America, Plaintiff disputed the debt in writing with the original creditor and asked that the original creditor contact her solely in writing.

9. On or about October 8, 2009, Defendant's employee "John Moore" called Plaintiff and left a voice mail message.

10. Plaintiff returned the phone call and spoke with an employee of Defendant who identified herself as "Mrs. Rice."

11. Defendant's employee spoke rudely to Plaintiff and began screaming at her. Plaintiff then terminated the call.

12. Subsequent to the above telephone conversation, Plaintiff received a dunning letter from Defendant dated October 5, 2009.

13. Subsequent to the above telephone conversation and the mailing of the above reference dunning letter, Defendant made telephone calls to Plaintiff's former step father, Henry Connor, her brother-in-law, Andrew Ziola, and Plaintiff's mother- and father-in-law.

14. In these calls, Defendant identified itself as Northstar Location Services and stated that it was calling with regard to Plaintiff's Bank of America debt.

15. Because Defendant had spoken with the Plaintiff and had sent a letter to her home address, it had no need to contact the above referenced individuals in order to obtain location information about Plaintiff. Defendant had full knowledge of Plaintiff's current home address and telephone number at the time it contacted Plaintiff's family members.

16. Based on information and belief, Defendant communicated with Plaintiff's family members for the sole purpose of harassing and embarrassing her into paying the debt.

17. Over the course of the next several months, Defendant continued to make threatening and harassing phone calls to Plaintiff, and continued to send dunning letters to Plaintiff's home address.

18. In these calls, Defendant threatened to garnish Plaintiff's wages and to sue her over the debt. Based on information and belief, Defendant had no intention of suing Plaintiff at the time these threats were made, and had no legal right to garnish Plaintiff's wages until it obtained a judgment against her.

19. Defendant continued to call Plaintiff and send her dunning letters even though, on multiple occasions, Plaintiff verbally informed Defendant that she disputed the alleged debt, and that was unable and unwilling to pay the alleged debt.

20. As a direct, proximate, and foreseeable result of Defendant's acts and omissions, Plaintiff was embarrassed and humiliated and suffered severe emotional distress.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

21. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 20.

22. Defendant is an entity who uses the instrumentalities of interstate commerce in its business, the principal purpose of which is the collection of debts, and who regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23. The alleged debt that Defendant was attempting to collect from Plaintiff was incurred for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24. Plaintiff is a natural person who was allegedly obligated to pay the debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. The foregoing acts and omissions of Defendant and its agents and employees constitute violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b), 1692d(5), 1692e(3), 1692e(4), 1692e(5), and 1692e(10).

26. As a result of the above violations of the FDCPA, Defendant is liable under 15 U.S.C. § 1692k to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## COUNT II – FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

27. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 20.

28. The alleged obligation that Defendant was attempting to collect from Plaintiff was incurred for personal, family, or household purposes and is therefore a "consumer debt" as that term is defined in Fla. Stat. § 559.55(1).

29. Plaintiff is a natural person who was allegedly obligated to pay the debt and is therefore a "debtor" and "consumer" as those terms are defined in Fla. Stat. § 559.55(2).

30. "[A] Plaintiff may be entitled to the maximum statutory damages of up to $ 1,000.00 for each violation asserted as a separate count within the cause of action under the FCCPA." *Beeders v. Gulf Coast Collection Bureau*, 2009 U.S. Dist. LEXIS 84061, 2-3 (M.D. Fla. Sept. 16, 2009).

31. Defendant's telephone communications with and calls to Henry Connor constitute a violation of Florida Statutes § 559.72(7). Defendant had notice of Plaintiff's current address and could have communicated with her by sending letters to that address; Defendant's communications with Plaintiff's family members were intended solely to harass, humiliate, and embarrass the Plaintiff.

32. As a result of the above violation of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, and Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## COUNT III – FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

33. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 20 and paragraphs 28-30.

34. Defendant's telephone communications with and calls to Andrew Ziola constitute a violation of Florida Statutes § 559.72(7). Defendant had notice of Plaintiff's current address and could have communicated with her by sending letters to that address; Defendant's communications with Plaintiff's family members were intended solely to harass, humiliate, and embarrass the Plaintiff.

35. As a result of the above violation of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, and Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## COUNT IV – FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

36. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 20 and paragraphs 28-30.

37. Defendant's telephone communications with and calls to the residence of Plaintiff's mother- and father-in-law constitute a violation of Florida Statutes § 559.72(7). Defendant had notice of Plaintiff's current address and could have communicated with her by sending letters to that address; Defendant's communications with Plaintiff's family members were intended solely to harass, humiliate, and embarrass the Plaintiff.

38. As a result of the above violation of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, and Plaintiff's actual damages, statutory damages, costs, and attorney's fees

## COUNT V – FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

39. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 20 and paragraphs 28-30.

40. Defendant's statements that it would garnish Plaintiff's wages constituted a violation of Florida Statutes § 559.72(9) because Defendant was asserting or implying that it had the right to garnish Plaintiff's wages without first obtaining a judgment against Plaintiff.

41. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCCPA, and Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

## COUNT VI – CLAIM FOR PUNITIVE DAMAGES UNDER THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

42. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 20, paragraphs 28 through 30, and paragraphs 31, 34, 37, and 40.

43. With regard to the conduct alleged in Counts II through V, Defendant either (a) knowingly participated in the wrongful conduct of its employees; or (b) Defendant's officers, directors, or managers knowingly condoned, ratified, or consented to the employees' wrongful conduct and/or knew in advance that the employees were likely to conduct themselves as such and allowed them to so act with conscious disregard of the rights and safety of others. The conduct of Defendant alleged herein was intentional, knowing, fraudulent, oppressive, and done with malice and without cause.

44. Defendant's violations of Florida and Federal law were intentional and/or grossly negligent.

45. The gross negligence of Defendant in failing to properly train and supervise its employees, as required by federal and state law, also contributed to the loss, damages, and injury suffered by Plaintiff.

46. Based on information and belief, Defendant regularly violates state and federal debt collection laws by unlawfully contacting the family members of consumer.

47. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant described herein, Plaintiff is entitled to an award of punitive damages in accordance with Florida Statutes §§ 559.77 and 768.72.

### **PRAYER FOR RELIEF**

**WHEREFORE,** PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

- Declaratory Judgment that Defendant's conduct violated the FDCPA and FCCPA;

- Plaintiff's actual damages, to be determined at trial;

- $4,000 in statutory damages for eight violations of Florida Statutes § 559.72, pursuant to Florida Statutes § 559.77 and *Beeders v. Gulf Coast Collection Bureau*, 2009 U.S. Dist. LEXIS 84061, 2-3 (M.D. Fla. Sept. 16, 2009);

- $1,000 in statutory damages for Defendant's violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

- Punitive damages pursuant to Fla. Stat. §§ 559.77 and 768.72;

- Plaintiff's costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77;

- Such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: 31 August 2010

[✓] Alan C. Ewbank, Esq.
Florida Bar No.: 0191752
[ ] Christopher A. Ewbank, Esq.
Florida Bar No.: 0073494
ALAN C. EWBANK, P.A.
Attorney for the Plaintiff
10760 W. Bloomingdale Ave.
Riverview, FL 33578
Telephone: (813) 661-6666
Fax: (813) 661-6669
Email: aceatty@aol.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

[✓] Alan C. Ewbank, Esq.
[ ] Christopher A. Ewbank, Esq.